## UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

| | |
|---|---|
| ERIK ALDA | ) |
| 1954 Biltmore Street NW | ) |
| Washington, DC 20009 | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
|      v. | ) Civ. No. |
| | ) |
| NAOMIE BEGALA MIKEL | ) |
| 3312 Woodburn Village Drive, Apt. 32 | ) |
| Annandale, VA 22003 | ) |
| | ) |
| STATE FARM MUTUAL AUTOMOBILE | ) |
| INSURANCE COMPANY, d/b/a STATE FARM, | ) |
| One State Farm Plaza | ) |
| Bloomington, Il 61710 | ) |
| | ) |
|    Serve:  Registered Agent | ) |
|           Corporation Service Company | ) |
|           1090 Vermont Ave., NW | ) |
|           Washington, DC 20005 | ) |
| | ) |
|    Defendants. | ) |

## COMPLAINT AND JURY DEMAND

Plaintiff Erik Alda, by his attorneys, alleges for his Complaint herein:

### PRELIMINARY STATEMENT

1.     This is an action for personal injuries suffered by Plaintiff as a result of Defendant Naomie Begala Mikel's ("Mikel") negligence, and wanton and willful disregard for Plaintiff's safety and well-being.   As a result of Defendant Mikel's negligent behavior, Plaintiff suffered substantial and permanent injury.

### JURISDICTION AND VENUE

2.     This Court has jurisdiction over this case pursuant to 28 U.S. Code § 1331. More

specifically, this Court has jurisdiction over this claim pursuant to 28 U.S. Code § 1351 on the basis that the Defendant Mikel has represented herself to be a diplomat of the Embassy of Cameroon. This Court has jurisdiction over State Farm Mutual Automobile Insurance Company ("State Farm") pursuant to 28 U.S. Code § 1364 because State Farm is, or was at the time of the tortious acts by Defendant Mikel, the insurer for Defendant Mikel who claims to be a member of a diplomatic mission.

3.　　　Venue is proper in this Court pursuant to the provisions of 28 U.S.C. § 1391(b)(2) as the acts and/or omissions alleged in this Complaint occurred in the District of Columbia. Moreover, the Defendants are found in, reside, or transact business in the District of Columbia.

## PARTIES AND RELEVANT PERSONS

4.　　　Plaintiff, Erik Alda, is an adult citizen of the District of Columbia, residing at 1954 Biltmore Street NW, Washington, DC 20009.

5.　　　Defendant Naomie Begala Mikel is a resident of the Commonwealth of Virginia residing at 3312 Woodburn Village Drive, Apt. 32, Annandale, VA 2200.  Defendant Mikel claims to be a consul of a foreign state and/or member of a diplomatic mission under 28 U.S.C. 1351.

6.　　　State Farm is an insurance company with its corporate headquarters located in the state of Illinois.  State Farm issued an automobile insurance policy to Defendant Mikel, and is directly liable to Plaintiff for actions of Defendant Mikel under 28 U.S. Code § 1364.  State Farm conducts substantial business activities in the District of Columbia.

## FACTS COMMON TO ALL COUNTS

7.　　　On October 22, 2013, Mr. Alda was on his moped traveling westbound on Garfield St NW, approaching its intersection with 34th Street NW in Washington, DC.

8.　　　Defendant Mikel was traveling eastbound on Garfield St NW, approaching its

intersection with 34th Street NW in Washington, DC.

9.      Suddenly and without warning, Defendant Mikel began to turn left onto 34th Street NW directly in front of Mr. Alda, who travelling straight through the intersection.

10.     Defendant Mikel failed to yield to Mr. Alda's right-of-way.

11.     Defendant Mikel's movement forced Mr. Alda to lay his moped down to avoid slamming into Defendant Mikel.

12.      Mr. Alda fell hard on the pavement, which resulted in serious and permanent injuries.

### COUNT I
### NEGLIGENCE
### (All Defendants)

13.     The Plaintiff realleges and incorporates by reference the allegations contained in the preceding paragraphs of this Complaint as if fully set forth herein.

14.     Defendant Mikel owed a duty to Mr. Alda and other drivers to pay full time and attention to operating her vehicle; to control her vehicle in order to avoid striking anyone; to keep a proper lookout; to operate her vehicle using common sense, and to otherwise operate her vehicle in a safe and lawful manner so as to avoid injuring Mr. Alda and others on the roadway.

15.     Defendant Mikel breached her duty to use reasonable care in operating her vehicle when she failed to yield to Mr. Alda's right-of-way, thereby causing him to lay down his moped and suffer injury.

16.     As a direct and proximate result of the above-referenced breach of duty by Defendant Mikel, Mr. Alda suffered personal injury, pain and suffering, and economic damages.

17.     WHEREFORE, Plaintiff prays for relief in the form of a judgment awarding compensatory damages and any other relief the Court deems proper.

## COUNT II
## NEGLIGENCE PER SE
### (All Defendants)

18.     The Plaintiff realleges and incorporates by reference the allegations contained in

the preceding paragraphs of this Complaint as if fully set forth herein.

19.     At all times relevant herein, Defendant Mikel was negligent per se by violating

the following statutes and/or regulations, *inter alia*, designed to protect the public from harm:

    a.  18 D.C.M.R. § 2213.4: "An operator shall, when operating a vehicle, give full
        time and attention to the operation of the vehicle."

    b.  18 D.C.M.R. § 2208.2:  "the driver of a vehicle intending to turn to the left
        shall yield the right-of-way to any vehicle approaching from the opposite
        direction which is so close as to constitute an immediate hazard."

    c.  18 D.C.M.R. § 2201.11: " No driver shall enter an intersection or marked
        crosswalk, unless the movement can be made such that the vehicle can
        completely clear the intersection without obstructing the passage of other
        vehicles or pedestrians, notwithstanding any official traffic control device
        indication to proceed. A vehicle shall not enter an intersection to turn right or
        left unless there is sufficient space on the roadway being entered to
        accommodate the vehicle.

20.     The laws identified in Paragraph 19 are designed to protect members of the

public. Plaintiff was at all times relevant, a member of the class and/or classes of people intended

to be protected by the regulations identified in Paragraph 19.

21.     It was foreseeable to Defendant Mikel that violating the regulations governing the

operation of a motor vehicle would result in harm to members of the public, such as the Plaintiff.

22.     Defendant Mikel's reckless disregard for the regulations governing the operation

of motor vehicles was the direct and proximate cause of Plaintiff's damages.

23.     WHEREFORE, Plaintiff prays for relief in the form of a judgment awarding

compensatory damages and any other relief the Court deems proper.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief in the form of a judgment against Defendant

Mikel for compensatory damages, pre and post judgment interest and costs, attorney's fees, and any other relief the Court deems appropriate.

### JURY AND TRIAL DEMAND

Plaintiff hereby demands a trial by jury with respect to each claim in this Complaint.

Respectfully submitted,

/s/ Brendan J. Klaproth
Brendan J. Klaproth (D.C. Bar No. 999360)
Klaproth Law PLLC
406 5th Street NW
Suite 350
Washington, DC 20001
Tel:     202-618-2344
Email:   Bklaproth@klaprothlaw.com

John B. Mesirow (D.C. Bar No. 435651)
Mesirow & Associates, PLLC
1307 New Hampshire Avenue, N.W.
Suite 400
Washington, DC 20036
Tel:     202-463-0303
Email:   John@metroDClaw.com
*Attorneys for Plaintiff*